Taft, C. J.
The question to be determined is whether the provisions of a trust agreement can prevent the continuing and enforceable rights of a beneficiary to obtain some direct tangible benefit thereunder from being applied toward satis *312 faction of a judgment against such beneficiary. The words “continuing and enforceable rights * # * to obtain some direct tangible benefit” are being used in this opinion to differentiate the problem raised by the hereinbefore-quoted words of the trust agreement from certain problems not before us, such as the problem involved where there is a provision that the interest of the beneficiary shall cease if be sells or if his creditors attempt to reach it. See Griswold, Spendthrift Trusts (2 Ed., 1947), 11, Section 12. In such an instance, the beneficiary would no longer have “continuing and enforceable rights * * # to obtain some direct tangible benefit.” Also, those words may be helpful in differentiating other problems not before us, such as those raised where the amount to be received by the beneficiary is to be dependent upon the discretion of the trustee (see Griswold, supra, 15 and 492, Sections 17 and 424), or where the trustee, instead of being required to pay some definite amount to the beneficiary for his support, as in Thornton v. Stanley (1896), 55 Ohio St., 199, 45 N. E., 318, is only required to pay or apply such amount as is needed for the support of such beneficiary. See Griswold, supra, 505 et seq., Section 430 et seq.-, 2 Scott, Law of Trusts (2 Ed., 1956), 1079, Section 154; Restatement of the Law, Trusts (2d), 320, Section 154. In such instances, the beneficiary would have no enforceable rights to get any definite amount.
Trusts created under agreements containing provisions, designed to prevent tbe continuing and enforceable rights of a beneficiary to obtain some direct tangible benefit thereunder from being applied toward satisfaction of a judgment against sucb beneficiary, are usually referred to as “spendthrift trusts.” In tbe instant case, we are not called upon to determine and express no opinion as to tbe validity of spendthrift trusts so far as they may also be designed to prevent a voluntary alienation of tbe interests of tbe beneficiary. See annotation, “Validity of Spendthrift Trusts” (1939), 119 A. L. R., 19, 24; Brahmey v. Rollins (1935), 87 N. H., 290, 179 A., 186, 119 A. L. R., 8.
The validity of spendthrift trusts is an open question in Ohio. See Thornton v. Stanley, supra (55 Ohio St., 199); annotations, “Validity of Spendthrift Trusts” (1939), 119 A. L. *313 R., 19, 61, and (1954), 34 A. L. R. (2d), 1335, 1356; Griswold, supra, 41 and 249, Sections 57 and 213. The decided weight of authority, both in number of decisions and number of jurisdictions, favors the validity of such trusts where the beneficiary is not the settlor of the trust. See annotations, supra (119 A. L. R., at 22 et seq., and 34 A. L. R. (2d), at 1337 et seq.); Griswold, supra, 36 et seq., Sections 51 to 106; Restatement of the Law, Trusts (2d), 318 and 320, Sections 152 and 153; 2 Scott, supra, 1038 et seq., Sections 151 to 153. See also Johnson v. Morawitz, 292 F. (2d), 341 (C. C. A. 10, 1961); Kelley v. Lincoln National Bank (1956), 235 F. (2d), 23, 98 U. S. App. D. C., 264; Sproul-Bolton v. Sproul-Bolton (1955), 383 Pa., 85, 117 A. (2d), 688. However, the reasons advanced for sustaining the validity of spendthrift trusts have been severely criticized by eminent authorities. See Griswold, supra, 21 et seq., Sections 25 to 36, and 629 et seq., Sections 551 to 555; 2 Scott, supra, 1040, Section 152; Gray, Restraints on the Alienation of Property (2 Ed., 1895), preface to .second edition; Brahmey v. Rollins, supra (87 N. H., 290). Hence, we believe that we should carefully weigh the reasons for and against the validity of such trusts in deciding the instant case.
Those who favor the validity of spendthrift trusts sometimes argue defensively that creditors should not complain about being unable to reach amounts made available to their debtor as a beneficiary of a spendthrift trust because they could, by the exercise of diligence, have avoided relying upon such amounts as a source for payment of their claims. But see Griswold, supra, 635, Section 555. However, the rights of creditors to be paid do not depend upon their exercise of diligence if the debtor has something with which to pay them. Creditors have a right to collect their judgment not only from the property that the debtor had at the time when they extended credit to him but also from any property which he may have, even if acquired thereafter. But cf. Fickel v. Granger (1910), 83 Ohio St., 101, 93 N. E., 527, 32 L. R. A. (N. S.), 270.
The principal argument advanced in favor of the validity of spendthrift trusts is that, since one who owns property may give it as he desires, such one may impose a restriction against its voluntary or involuntary alienation by the donee thereof.
*314 As stated, in Griswold, supra, 629, Section 552, “the difficulty” with this argument “is that the major premise — that the owner of property may dispose of it as he desires — is patently fallacious”; and the fallacy is demonstrated in Section 553 which refers to many limitations on the disposition of property.
As stated by Allen, C. J., in Brahmey v. Rollins, supra (87 N. H., 290), as reported in 119 A. L. R., 8, 15, “the settlor may not control the subjection of the beneficiary’s rights in the trust to the demands of creditors except by giving the beneficiary rights short of a property interest which by statute may be seized. If he may bar seizure, why may he not as well bar taxability?”
The authorities are unanimous in holding that an owner of property may not create for himself a spendthrift trust that will be valid against his creditors, even though such trust is limited to the trust income and even though such owner may have no creditors when such trust is created. Griswold, supra, 594, Section 475. Thus, courts, which uphold the validity of spendthrift trusts, thereby permit the owner of property, in exercising his rights with respect to that property, to do more to protect another than to protect himself. If the basis for upholding a spendthrift trust is that an owner of property may dispose of that property as he desires, it seems inconsistent to hold that such an owner, who has no creditors and no intention to defraud future creditors, cannot even dispose of the income from that property so as to enable himself to enjoy that income free from the claims of his subsequent creditors. See Griswold, supra, 542 and 644, Sections 474 and 557.
All the authorities recognize that a donor or testator may not create by deed or will a legal interest in another, whether limited for life or for a term of years, that can be enjoyed by such other free from the claims of his creditors.
It is argued, however, that a court of equity may protect an equitable interest in property from the creditors of its owner even though a similar legal interest could not be so protected. See Re Bucklin (1952), 243 Iowa, 312, 51 N. W. (2d), 412, 34 A. L. R. (2d), 1327. In effect, all equitable interests were so protected in some jurisdictions before legislation enabled a creditor to require application of equitable interests toward *315 payment of Ms claim. See Griswold, supra, 23, Section 27 (2). However, it is obvious that, as stated by Allen, C. J., in Brahmey v. Rollins, supra (87 N. H., 290), at page 299, “whatever equity may do to derogate from the common law, it is equally bound with that law by statutory law.”
Admittedly, a creditor of the beneficiary of a trust may in Ohio require application of the rights of a beneficiary of a trust toward payment of such creditor’s claim against such beneficiary. See Chapters 2333 and 2715, Revised Code. Thornton v. Stanley, supra (55 Ohio St., 199); Butler v. Birkey (1862), 13 Ohio St., 514, 518.
It is elementary that, as to property or rights that are subject to execution, any claim by an individual owner thereof for exemption of part or all of such property or rights from claims of his creditors must be based upon constitutional or statutory provisions providing for such exemption. 22 American Jurisprudence, 5, Section 3. It would seem to follow that legislative authority would be necessary to give effect to the intention of the settlor of a trust that creditors of a beneficiary thereof should not reach the enforceable rights of such beneficiary.
To permit a donor to give property in trust so that the beneficiary can have a right to get such property or the income therefrom free of the rights of creditors of the beneficiary would enable such donor to exempt such property or the income therefrom from the claims of all creditors, either those of the donor or of the donee. Thus, even without statutory authorization, such donor would be enabled to provide an exemption from execution in addition to those exemptions from execution specifically provided for by statute. See 23 Ohio Jurisprudence (2d), 251 et seq., Exemptions, Sections 19 to 37, inclusive, for listing of such statutory exemptions.
Almost one hundred years ago, in Hobbs v. Smith (1864), 15 Ohio St., 419, 424, it was stated by Welch, J.:
“ * * * The law makes what a man owns — whether held by legal or equitable title — liable to the payment of his debts, unless it be property specially exempted. No legal acumen or skill can evade this policy of the law, and as often as it is attempted it must result in one of two things — either in the *316 devisee taking nothing by the will, or in leaving what he does take liable for the payment of his debts. The liability attaches to the ownership, and it is beyond the power of any draftsman to invent a form of devise, or conveyance, that shall separate them. ’ ’
In our opinion, an owner of property should not, without legislative authority, be permitted, by setting up a spendthrift trust, to exempt either such property or the income therefrom from the claims of the creditors of a beneficiary who is entitled under such trust to such property or the income therefrom.
The judgment of the Court of Appeals is therefore reversed and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Matthias, Herbert and Gibson, JJ., concur.
Zimmerman, O’Neill and Grieeith, JJ., dissent.